UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: FIDDLER'S CREEK, LLC

---

FIDDLER'S CREEK, LLC,

    Plaintiff,

v.                                 Case No: 2:14-cv-379-FtM-29

NAPLES LENDING GROUP LC, DANIEL CARTER, and MMA REALTY CAPITAL LLC,
Respondent,

    Defendants.

---

**ORDER TO SHOW CAUSE**

This matter comes before the Court on a jurisdictional review of the file. Defendants Naples Lending Group, LC (Naples Lending) and Daniel Carter (Carter) (collectively "defendants") removed the Complaint of plaintiff Fiddler's Creek, LLC (Fiddler's Creek or plaintiff) from state court to the Bankruptcy Court before then seeking to withdraw the reference from Bankruptcy Court to the District Court. The withdrawal of reference was granted and the case was subsequently transferred to the Fort Myers Division.

**I. Proceedings in State Court**

On February 23, 2010, plaintiff Fiddler's Creek filed a voluntary Petition (Bankr. Doc. #1)[1] under Chapter 11 of the

---

[1] The Court will hereinafter reference documents filed with the District Court as "Doc.", documents filed in the Bankruptcy case as "Bankr. Doc.", and documents filed in the Adversary

Bankruptcy Code in the Middle District of Florida[2]. During the pendency of its bankruptcy case, on April 1, 2011, Fiddler's Creek filed a Complaint against Naples Lending, Carter, and John Does #1-20 in the Twentieth Judicial Circuit Court in and for Collier County, Florida, alleging various state law claims with a jury demand.

In the Complaint, plaintiff alleges that it is a Delaware limited liability company doing business in Collier County, Florida, as a developer of the "Fiddler's Creek" master-planned community project. Plaintiff alleges that the named John Does #1-20, bondholders with an interest in the project, received and were attempting to capitalize on, or improperly obtain, sensitive and confidential information regarding the project with the assistance of co-defendants Naples Lending and/or Carter, its Managing Member. As the real estate market declined, in October of 2009, Carter approached plaintiff about purchase outstanding bank debt and restructuring the terms of plaintiff's debt to enable it to continue the project. As a result, plaintiff and Naples Lending entered into a Confidentiality and Non-circumvent Agreement before disclosing confidential, non-public, and proprietary information

---

Proceeding as "Adv. Doc." Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court or otherwise available through PACER and judicially noticed.

[2] The case was originally filed in the Fort Myers Division Bankruptcy Court but transferred to the Tampa Division for reassignment to a new a bankruptcy judge. (Doc. #1, p. 2 n.5.)

regarding the project. After obtaining the confidential information, defendants terminated investment discussions and instead sought to purchase Community Development District bonds. Plaintiff and affiliated entities subsequently sought bankruptcy protection, and Carter became hostile by opposing the Plan and working with third parties to oppose the plan to plaintiff's detriment. Naples Lending improperly disclosed confidential information to third parties, and conspired with John Does to oppose plaintiff's bankruptcy Plan. All claims in the Complaint are brought under state law. Plaintiff later filed an Amended Complaint (Doc. #2-8) still only asserting state law claims. Both pleadings contained a jury demand.

## II. Proceedings in Bankruptcy Court

On May 10, 2011, Naples Lending and Carter (collectively "defendants") filed a Notice of Removal (Doc. #2-15) with the Bankruptcy Court in the Tampa Division pursuant to 11 U.S.C. § 1334 because the Complaint was "related to" Fiddler's Creek's bankruptcy case. (Doc. #2-28, p. 217.) On June 9, 2011, Fiddler's Creek filed a Motion to Remand, or, in the Alternative, Motion for Abstention (Doc. #2-6) arguing that the Complaint was not related to the bankruptcy case and no independent basis for federal jurisdiction existed. Defendants filed a Memorandum in Opposition (Doc. #2-7) and the Bankruptcy Court heard argument on July 6, 2011. At the hearing, the Bankruptcy Court found that the

contract at issue in the state court Complaint was an asset of the Chapter 11 estate and a core matter. (Doc. #2-13, pp. 38-39.) Therefore, on July 14, 2011, the Bankruptcy Court denied the remand for the reasons stated at the hearing. (Adv. Doc. #15.) On November 8, 2011, plaintiff filed the Amended Complaint (Doc. #2-8) in the Adversary Proceeding. Discovery continued for several years in the Bankruptcy Court.

On August 29, 2011, the Bankruptcy Court issued a Memorandum Opinion and Order Confirming the Debtors' Second Amended Plans of Reorganization as Modified (Doc. #2-2) in the underlying bankruptcy case. On December 23, 2013, the Bankruptcy Court issued a Final Decree (Doc. #2-4) and the bankruptcy case was closed. On January 6, 2014, plaintiff sought to withdraw its jury demand in the adversary proceeding based on the presence of a waiver in the confidentiality agreement at issue in the Complaint, Doc. #2-14, but the motion was never heard or responded to because defendants moved to withdraw the reference and transfer venue, Doc. #1, on the same day.

**III. Withdrawal to District Court**

On January 6, 2014, Naples Lending filed its Motion to Withdraw the Reference and, to the Extent Applicable, Transfer Venue (Doc. #1) and the Bankruptcy Court transmitted the motion and underlying record to the District Court in the Tampa Division of the Middle District of Florida. After hearing argument on the

motion, docs. ##8-9, the Honorable James S. Moody, Jr. granted the motion to withdraw the reference but deferred the issue of transferring venue to the Fort Myers Division, doc. #11. On July 16, 2014, the case was transferred to the Fort Myers Division of the Middle District of Florida, but without opining as to whether the case should be heard or remanded to the state court. (Doc. #62.)

IV. **Jurisdiction of the District Court**

In the February 24, 2014, Order (Doc. #11), Judge Moody found that the withdrawal was timely made, that the reference should be withdrawn. More specifically, Judge Moody found that the adversary proceeding no longer involved a bankruptcy related issue, and in fact the outcome would not have any impact on the closed bankruptcy case, and that it was not a core proceeding in the bankruptcy case. Judge Moody further found that the bankruptcy court's ruling was not dispositive on the issue of withdrawal and was insufficient to prevent withdrawal of the reference under Stern v Marshall, 131 S. Ct. 2594 (2011). Plaintiff's request to withdraw the jury demand was found to be improper because Carter had an independent right to a jury trial that was not deemed waived under the Agreement at issue.

The Bankruptcy Court denied a remand without considering Stern v. Marshall, the bankruptcy case is closed, and the district court has found that the claims in the withdrawn adversary

proceeding are not core, arising from, or related to the bankruptcy case.  In fact, everyone agreed that the outcome of the suit would have no effect on the administration of the estate.  (Doc. #9, pp. 29-30.)

Accordingly, it is hereby

**ORDERED:**

1. Defendants shall show cause within **FOURTEEN (14) DAYS** of this Order why the case should not be remanded to state court for lack of subject-matter jurisdiction.

2. Non-Party MMA Realty Capital LLC's Motion to Extend Time to Respond to Plaintiff's Renewed and Amended Motion to Compel (Doc. #64) is **GRANTED,** *nunc pro tunc*.  The Opposition (Doc. #66) is accepted as timely filed.

3. Defendants' Motion for Leave to File a Motion to Compel in Excess of Twenty-Five Pages (Doc. #58) is **DEFERRED** pending a determination of the Court's jurisdiction.

4. Defendants' Motion for Leave to File a Reply (Doc. #63) to plaintiff's Response and Opposition to Defendants' Motion for Leave to File a Motion to Compel in Excess of Twenty-Five Pages (Doc. #59) is **DENIED** as no reply is required.

**DONE and ORDERED** at Fort Myers, Florida, this <u>  1st  </u> day of August, 2014.

```
                              /s/ John E. Steele
                              _____
                              JOHN E. STEELE
                              UNITED STATES DISTRICT JUDGE
```

Copies:
Counsel of Record