UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  FIDDLER'S CREEK, LLC

---

FIDDLER'S CREEK, LLC,

      Plaintiff,

v.                                    Case No: 2:14-cv-379-FtM-29

NAPLES  LENDING  GROUP  LC,
DANIEL  CARTER,  and  MMA
REALTY     CAPITAL     LLC,
Respondent,

      Defendants.

---

## OPINION AND ORDER

On August 1, 2014, the undersigned issued an Order to Show Cause (Doc. #67) directing defendants to show cause why the case should not be remanded to state court for lack of subject-matter jurisdiction.  The Court adopts, without repeating, the overview of the procedural history of this case as set forth in the Order to Show Cause.  (Doc. #67, pp. 1-5.)  Defendants filed their Response to Order to Show Cause (Doc. #70) on August 15, 2014, asserting that the federal court had subject matter jurisdiction over the case at the time of removal, and as such, continues to have jurisdiction.

With exceptions not relevant to this case, a defendant may remove a state civil cause of action to a federal district court

"if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a). With certain exceptions, Section 1334 provides that a district court has "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. § 1334(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. 1334(b). Jurisdictional facts are assessed at the time of removal.  <u>Scimone v. Carnival Corp.</u>, 720 F.3d 876, 882 (11th Cir. 2013)(citations omitted).  A state case which is removed to federal court may be remanded to state court "on any equitable ground."  28 U.S.C. § 1452(b).

Defendants removed the case from state court pursuant to 28 U.S.C. § 1334.  As the Eleventh Circuit recently stated:

> Congress intended bankruptcy jurisdiction to extend to "all civil proceedings" that are "related to" bankruptcy cases.  28 U.S.C. § 1334(b).  In the bankruptcy context, we have interpreted "related to" jurisdiction as extending to those proceedings that "could conceivably have an effect on the estate being administered in bankruptcy."  <u>Munford v. Munford, Inc. (In re Munford, Inc.</u>), 97 F.3d 449, 453 (11th Cir. 1996) (internal quotation marks omitted).  This extends to "suits between third parties which have an effect on the bankruptcy estate."  <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300, 307 n.5 (1995) (citing Collier on Bankruptcy ¶ 3.01[1] [c] [iv], p. 3-28 (15th ed. 1994)).  Put another way, there must be "some nexus between the civil proceeding and the title 11 case." <u>Munford</u>, 97 F.3d at 453.

In re Superior Homes & Invs., LLC, 521 F. App'x 895, 898 (11th Cir. 2013). The Court finds that it had subject matter jurisdiction at the time of removal, and that jurisdiction continues to exist.

Accordingly, it is hereby

**ORDERED:**

1. The Court will take **no further action** on the Order to Show Cause (Doc. #67) as the Court finds that subject matter jurisdiction is present.

2. The Clerk is directed to randomly **assign** a Magistrate Judge and **refer** the pending motions (Docs. ## 55, 58, 65) to the Magistrate Judge for disposition.

3. The stay is hereby **lifted** to the extent that the Clerk shall issue the standard Standing Order, Track Two Notice, and Interested Persons Order so that the case may proceed.

4. The parties shall file a Case Management Report within the time provided by the Track Two Notice and the Local Rule.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of January, 2015.

_John E. Steele_
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record