UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  FIDDLER'S CREEK, LLC
_____

FIDDLER'S CREEK, LLC,

    Plaintiff,

v.       Case No:   2:14-cv-379-FtM-29CM

NAPLES LENDING GROUP LC
and DANIEL CARTER,

    Defendants/Third
    Party Plaintiff

AUBREY FERRAO, ANTHONY
DINARDO and WILLIAM
REAGAN,

    Third Party Defendants.
_____/

## ORDER

Before the Court are Defendants' Motion to Compel Plaintiff's Production and Complete Response to Portions of Defendants' Third Request for Production [and Request for Hearing] ("First Motion to Compel," Doc. 150), Defendants' Motion to Compel Post-Petition Portions of Defendants' Third RFP and for Rule 37 Sanctions ("Second Motion to Compel," Doc. 185), Third-Party Defendant William Reagan's Motion for Protective Order and Memorandum of Law ("Motion for Protective Order," Doc. 183), Defendants' Response to William Reagan's Motion for Protective Order and Motion to Compel Deposition of William Reagan ("Motion to Compel Deposition," Doc.

187), and Plaintiff's Renewed Motion to Compel Validated Images of Defendants' ESI Systems ("Motion to Compel ESI," Doc. 162).

The Court heard extensive argument on the various motion at a hearing on January 21, 2016. For the reasons stated on the record, the First Motion to Compel is granted in part and denied in part, the Second Motion to Compel is granted in part and denied in part, the Motion for Protective Order is denied, the Motion to Compel Deposition is granted in part, and the Motion to Compel ESI is taken under advisement.

Prior to the hearings, the parties resolved requests 1-38, 41-53, 55-63, 112-115, and 118(a) of Defendants' First Motion to Compel. *See* Docs. 203, 205. Accordingly, those requests are denied as moot. The Court addressed requests 39, 40 and 54. The parties also resolved requests 69-70, 79, 88-91, 94, 96- 98, 100-106, 108- 111, 116-117, 118(b) in the Second Motion to Compel. *See* Docs. 203, 205. During the hearing, Defendants withdrew requests 76 and 78. Accordingly, the requests that have been resolved or withdrawn are denied as moot. The Court addressed requests 64, 65, 66, 67, 68, 71, 72, 73, 74, 75, 77, 80, 81, 82, 83, 84, 85, 86, 87, 92, 93, and 95 during the hearing.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion to Compel Plaintiff's Production and Complete Response to Portions of Defendants' Third Request for Production [and Request for Hearing] (Doc. 150) is **GRANTED in part and DENIED in part.**

    a. Requests 1-38, 41-53, 55-63, 112-115, and 118(a) are **DENIED as moot.**

    b. Requests 39 and 40 are **DENIED.**

    c. Request 54 is **GRANTED in part.** On or before, **February 8, 2015,**[1] Plaintiff must provide Defendants with calendar entries of Anthony DiNardo and Aubrey Ferrao indicating appointments with individuals or entries related to the bankruptcy. The calendar also must indicate when Anthony DiNardo and Aubrey Ferrao were out of the office. If there are any redactions, Plaintiff must produce a log specifying the redactions.

2. Defendants' Motion to Compel Post-Petition Portions of Defendants' Third RFP and for Rule 37 Sanctions (Doc. 185) is **GRANTED in part and DENIED in part.**

    a. Requests 69-70, 76, 78-79, 88-91, 94, 96- 98, 100-106, 108-111, 116-117, 118(b) are **DENIED as moot.**

    b. Requests 64-68, 71-75, and 92 are **DENIED.**

    c. Request 77 is **GRANTED.** On or before **February 8, 2016**, Plaintiff must produce the documents responsive to this requests. Plaintiff, however, is permitted to redact the price of any Bonds acquired.

---

[1] The Court did not discuss a deadline with the parties for supplementing the document production. Should Plaintiff require extra time to produce the requested documents, the parties are encouraged to work together to agree on an alternative date.

    d. Requests 80-84 are **GRANTED in part**.  On or before, **February 8, 2016**, Plaintiff must supplement its response to requests 80-84 with any additional documents from August 29, 2011 through April 25, 2012.

    e. Requests 85, 86, 87 and 93 are **GRANTED in part**.  On or before **February 8, 2015**, Plaintiff must produce communications between the attorneys of the entities listed in request 85(iii) – (x) and Mr. Paul Battista.  Defendants' request is **DENIED** as to the remaining entities.  Defendants, however, are permitted to narrow the scope of their request as it relates to PEPI Capital, L.P. and provide their narrowed request to Plaintiff on or before close of business **January 27, 2016**.  Plaintiff shall have up to and including **February 8, 2016** to respond.

    f. Request 95 is **GRANTED in part**.  On or before **February 8, 2016,** Plaintiff must produce documents regarding the bankruptcy with respect to the individuals listed in 95(a) – (z) from February 23, 2010 through April 25, 2012.

    g. Defendants' Motion for Rule 37 Sanctions is **DENIED.**

3.    Third-Party Defendant William Reagan's Motion for Protective Order and Memorandum of Law (Doc. 183) is **DENIED**.

4.    Defendants' Response to William Reagan's Motion for Protective Order and Motion to Compel Deposition of William Reagan (Doc. 187) is **GRANTED in part.**

Third-Party Defendant William Reagan must appear for a deposition on or before **February 29, 2016**.  The Court will defer ruling on Defendants' Motion for Sanctions.  Defendants are permitted to file supplemental briefing of no more than five (5) pages on the Motion for Sanctions on or before **January 29, 2015**.  Third-Party Defendant William Reagan will have 14 days to respond to any supplemental briefing submitted.

     5.     Plaintiff's Renewed Motion to Compel Validated Images of Defendants' ESI Systems (Doc. 162) is **TAKEN UNDER ADVISEMENT**.  The parties are directed to file a Status Report or Proposed Protocol[2] on or before **January 29, 2016.**

     **DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of January, 2016.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[2] If the parties are providing a Proposed Protocol, the Court directs the parties to send a courtesy copy in Microsoft Word format to **chambers_flmd_mirando@flmd.uscourts.gov.**