UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  FIDDLER'S CREEK, LLC
_____

FIDDLER'S CREEK, LLC,

       Plaintiff,

v.                                Case No:   2:14-cv-379-FtM-29CM

NAPLES LENDING GROUP LC
and DANIEL CARTER,

            Defendants/Third
            Party Plaintiff

v.

AUBREY FERRAO, ANTHONY
DINARDO and WILLIAM
REAGAN,

       Third Party Defendants.
_____/

**STIPULATED ORDER REGARDING PRODUCTION
OF MIRROR IMAGES OF DEFENDANTS' ESI SYSTEMS**

**THIS CASE** came before the Court on the agreement reached by Defendants Daniel Carter and Naples Lending Group, LC ("Defendants") and Fiddler's Creek, LLC ("Plaintiff") concerning the production of mirror images (the "Images") of Defendant Naples Lending Group, LC's electronically stored information ("ESI") systems ("NLG's Systems").  On January 15, 2016, Defendants provided Plaintiff with an expert report concerning the contents of the NLG's Systems (the "Huron Report") which report was authored by Defendants' expert, Huron Legal ("Huron").  Plaintiff

has also retained a consultant, Capsicum Group ("Capsicum"), to analyze the Images of NLG's Systems and to prepare its own report.  On January 21, 2016, this Court held a hearing, at which the parties agreed that any rebuttal expert witness report(s) to the Huron Report would be produced within thirty (30) days of receipt of the Images.  Since then, the parties have reached further agreement governing the production of the Images requested by Plaintiff, which agreement is detailed below.

ACCORDINGLY,

It is **ORDERED and ADJUDGED** as follows:

1.     Plaintiff's Renewed Motion to Compel Validated Images of Defendants' ESI Systems, filed on October 30, 2015 (Doc. 162) is hereby **DENIED as moot** due to the parties agreement set forth herein.

2.     Any expert witness report(s) related to the Images or NLG's Systems shall be due within thirty (30) days of receipt of the Images by Capsicum, without prejudice to Plaintiff to seek additional time, by agreement with Defendants or Order of this Court, if necessitated by the technical process set forth below.

3.     This Order shall be binding upon Plaintiff, Defendants and their respective ESI experts, Huron and Capsicum.

4.     The following constitutes the process governing the production of the Images as agreed upon by the parties:

A.  Capsicum is authorized to examine Defendants' hard drives, devices, servers, and/or systems (collectively, the "Devices"), solely as set forth in this Order and Exhibits in order to prepare a rebuttal to the Huron Report (the "Rebuttal Report") and to search as set forth herein for information regarding the veracity of the following averments made by Defendants in Defendant, Daniel Carter's

Motion for Separate Trial and Incorporated Memorandum of Law (the "Relevant Information") [Adv. Pro. 8:11-ap-00522-KRM, DE 143]:

    i.   Naples Lending's servers and computers do not reflect that any of the materials that DiNardo contends were contained on the CD-ROM were, in fact, ever viewed or uploaded into the system at any time prior to the bankruptcy proceeding [Adv. Pro. 8:11-ap-00522-KRM, DE 143, p. 12.]

    ii.   Naples Lending's servers and computers reflect that materials, if any, that DiNardo contends were contained on the CD-ROM were, in fact, received by Naples Lending in the ordinary course of the bankruptcy proceedings from Fiddler's Creek or from third parties [Adv. Pro. 8:11-ap-00522-KRM, DE 143, FN 7.]

B. Defendants have represented that the inventory ("Inventory") provided to Plaintiff, a copy of which is attached hereto as Exhibit 1, includes all Devices which did contain (though Defendants deny that it did) or could have contained the data, files or resulting information for which Plaintiff is searching. Defendants have further represented that its own consulting expert, Huron, has already made images (collectively, the "Images") of all of the Devices on the Inventory and that those Images contain validated hash values.

C. Within the next seven (7) days, Defendants shall make the Images available to Capsicum together with a list of MD-5 Hash codes for each of the original Devices in order to complete the following tasks in search for the Relevant Information:

    i.   Take custody of the Images;
    ii.   Import the Images into a forensic software tool such as Encase or other files and data forensic analysis software required depending on the content and condition of the data itself;
    iii.   Confirm the validation of the hash values;
    iv.   Export any files and data which is restored from the Images using forensic software tool, Encase or other tool and data forensic analysis software agreed upon by Defendants[1] or by

---

[1] In the event Capsicum believes alternative software tools are necessary to complete the tasks identified in Section C (iv-viii), above, Capsicum shall advise Plaintiff's counsel of the same who will, in turn, advise counsel for Defendants and seek Defendants' agreement. Defendants shall provide their response to Plaintiff's counsel, in writing, within forty-eight (48) hours of Plaintiff's advisement and request for agreement. In the event Defendants' do

further Order of the Court depending on the content and condition of the data itself;

v. Index the exported files and data for searching using software tool such as dtSearch or other tool and data forensic analysis software agreed upon by Defendants or by further Order of the Court depending on the content and condition of the data itself;

vi. Populate the search software tool (dtSearch or other tool and data forensic analysis software agreed upon by Defendants or by further Order of the Court depending on the content and condition of the data itself) with the provided file names and MD5 hash values using the search criteria attached hereto as Exhibit 2;

vii. Search for exported/indexed files and data contained within allocated and unallocated space, addressed by systems files and logs or contained elsewhere within the media, with the search software tool dtSearch or other tool and data forensic analysis software agreed upon by Defendants or by further Order of the Court depending on as a result of the content and condition of the data itself; and

viii. Generate a report ("Search Report") using software tool dtSearch, or other tool and data forensic analysis software agreed upon by Defendants or by further Order of the Court depending on the content and condition of the data itself, of all "hits" and distribute as set forth below.

D. Capsicum shall create and maintain a log containing the names of all individuals who access the Images.  Such log shall also specifically note the date, as well as start and conclusion times, within which such persons accessed, viewed, processed or in any manner utilized the Images.

E. The Parties agree that, within five (5) business days of the generation of the Search Report set forth above, Capsicum will provide directly to Defendants' counsel, and not to Plaintiff's counsel, the Search Report together with any and all files, data, and resulting information found in the Devices containing the Relevant Information, if any, in a format to be provided by Defendants with the Images allowing for upload into Relativity, where applicable, for review to determine: (1) any files, data and resulting information

---

not agree to the use of alternative software deemed necessary by Capsicum, the parties agree to promptly seek judicial resolution by contacting Judge Mirando's Chambers as suggested during the parties' January 21, 2016 discovery hearing.  The parties agree that time is of the essence for a resolution of any disagreement as to the use of alternative software tools.

believed to be protected by an applicable privilege; (2) any files, data, and resulting information believed to be protected by the work product doctrine; or (3) any files, data and resulting information believed to contain personally identifiable information related to Defendants or third parties or other confidentiality concerns which Defendants assert justify withholding of the files, including that such files are or contain Defendants' proprietary materials, data, and resulting information which contain privileged information or work product would be redacted or withheld from production, as necessary.  For those files, data, and resulting information redacted and/or withheld on the basis of privilege and/or work product doctrine, Defendants' counsel must provide a privilege log to Plaintiff's counsel identifying:  (1) the type of files, data and resulting information for which the privilege or work product doctrine is claimed; (2) the basis for withholding such file, data or resulting information; and (3) the date that the file, data, and resulting information was prepared, sent or shared (the "Privilege Log").   Files, data, and resulting information which contain personally identifiable or Defendants' propriety information would be redacted.  Defendants' counsel shall also provide a redaction log identifying the purpose for any and all redactions of files, data, and resulting information containing personally identifiable information or other confidentiality concerns which Defendants assert justify withholding of the files (the "Confidentiality Log").

F.  Within ten (10) business days after this process is completed, Defendants' counsel should produce to Plaintiff's counsel:  (1) all files, data, and resulting information from the sampling and search of the Devices, except those which have been withheld and (2) the Privilege Log and Confidentiality Log.  The documents produced by Defendants' counsel to Plaintiff's counsel shall be in a single page TIFF format along with document level OCR text files, native files and the following fields in a load file:  (1) custodian (name of custodian from which the file, data, and resulting information is being produced); (2) bates begin (beginning production number); (3) bates end (ending production number); (4) page count; (5) all available meta data; and (6) OCR text file.  Defendants may exclude from collection, review, and production files, data, and resulting information with file extensions that typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format. Specifically, Defendants may exclude (1) files with the following extensions (provided that the file signature matches the extension): .COM, .EXE, .BAT, .DLL, .SYS, .VXD, .BIN, .ASH, .ASM, .B, .BAS, .BCP, .C, .CPP, .H, .C++, .CPL, .FRM, .MOD, .RH, .VB,

5

.VBX, .XLV, .RC and (2) those file types contained in the list established by the National Institute of Standards in Technology ("NIST") entitled "Permitted Excluded Files." To the extent that Defendants wish to exclude data and file types not included within this list from processing, the parties must agree to the same in writing.

G. Capsicum will not send, show, share or discuss with Plaintiff the substance of any files, data, and resulting information resulting from digital forensics examination described which were produced to Defendants' counsel unless the same are either (a) produced to Plaintiff as set forth above or (b) ordered to be provided to Plaintiff over Defendants' objection. Except with respect to the content described in the immediately preceding sentence that is not the subject of subsection (a) or (b) of this paragraph and for which Capsicum shall neither send, show, share or discuss with Plaintiff, Capsicum is and shall be permitted to discuss with Plaintiff and its counsel any observations, conclusions, mental impressions, opinions, or results reached, developed or derived from the digital forensics examination described above which relates to the substance or content of, or errors or discrepancies in, the Huron Report or is otherwise related to or required for the issuance of the Rebuttal Report.

H. All files, data, and other resulting information marked by Defendants' counsel as "confidential", but not withheld on such basis or another basis, which are produced pursuant to the digital forensics examination described above shall be held by Plaintiff's counsel as confidential pursuant to the Agreed Protective Order and Stipulation Regarding Confidential and Privileged Information entered earlier in this lawsuit at 8:11-ap-00522, Doc. No. 141, and should be used for this case only.

I. After this case has concluded by award, settlement, or otherwise, Plaintiff shall destroy or return any files, data, and resulting information containing confidential information produced, and Capsicum will return, destroy or delete the Images as requested by Defendants, unless otherwise ordered by the Court. Further, Capsicum and Plaintiff shall save all case files and communications between each other regarding this matter until this case has concluded by award, settlement or otherwise, and destroy the same upon such occurrence, unless otherwise ordered by the Court.

J.  Only Capsicum shall have access to the Images; unless authorized by further Order of this Court, neither Plaintiff, Plaintiff's attorneys, nor any other party shall have access to the Images.   Beyond the agreed-upon digital forensics examination described above or as otherwise ordered by the Court, Capsicum is not authorized to in any way to access, peruse, search, or analyze the Images.

K.  To avoid undue risk of accidental review or disclosure of attorney client communications, Capsicum shall exclude email extensions of Defendants' law firms, a list of which will be provided by Defendants upon delivery of the Images.

L.  Within the Search Report, the Rebuttal Report and upon destruction of the images, Capsicum shall certify under penalty of perjury that it has fully complied with the terms of this Order.

M.  Each Image is a copy of its respective Device in its entirety and, as such, Defendants maintain that the same contain sensitive and confidential information related to Defendants' and other entities business operations, including ESI wholly unrelated to this case, along with privileged documents, all of which requires the utmost diligence and protection in handling.  As a result of the significant risks from Defendants sharing the foregoing information, they explicitly reserve the right to seek actual damages, sanctions, and punitive damages in the event of a violation of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of February,

2016.


CAROL MIRANDO
United States Magistrate Judge


Copies furnished to:
Counsel of Record