UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:   FIDDLER'S CREEK, LLC
_____

FIDDLER'S CREEK, LLC,

    Plaintiff,

v.                                                                   Case No:   2:14-cv-379-FtM-29CM

NAPLES LENDING GROUP LC
and DANIEL CARTER,

    Defendants/Third
    Party Plaintiff

AUBREY FERRAO, ANTHONY
DINARDO and WILLIAM
REAGAN,

    Third Party Defendants.
_____/

## ORDER

Before the Court are Defendant Carter's Motion for Reconsideration of Order Granting Plaintiff's Motion for Expedited Briefing ("Motion for Reconsideration," Doc. 256) and Defendant Carter's Exigent Motion for Either Expedited Briefing or Exigent Telephonic Hearing on Motion for Reconsideration of Order Setting Early Deadline for Defendant's Response to Motion to Compel ("Motion to Expedite," Doc. 257). For the reasons set forth below, Defendant Carter's Motion for Reconsideration is granted in part and the Motion to Expedite briefing is denied as moot.

On May 16, 2016, Plaintiff filed a Motion to Compel Defendant Carter to Produce Financial Net Worth Discovery ("Motion to Compel").   Doc. 253.   Plaintiff

also moved for expedited briefing in light of the upcoming discovery deadline. Doc. 254. Because the discovery deadline is set for May 31, 2016, the Court granted Plaintiff's motion for expedited briefing without the benefit of a response from Defendant. Doc. 255. Additionally, the Court noted that the parties had been discussing the underlying issue for months, therefore, Defendant Carter should have been able to respond within the timeframe provided the Court. *Id.* at 1-2. Defendant Carter now requests reconsideration of that ruling because the Court did not have all of the facts before the Order was entered.

Defendant Carter states that Plaintiff had full knowledge of the discovery cut-off when it filed its Motion to Compel. Doc. 256 at 2. Moreover, Defendant Carter asserts that Plaintiff knew at the time it requested expedited briefing Defendant Carter would not have sufficient time to respond because the parties are in all-day depositions on this case from Tuesday, May 18, 2016 through Friday, May 20, 2016. *Id.* Thus, Defendant Carter only would have one business day to prepare a response to the Motion to Compel. *Id.* Consequently, Defendant Carter requests that the Court reconsider its ruling on Plaintiff's motion for expedited briefing.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear

error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Carter*, 2006 WL 2620302, at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

Based on the facts presented by Defendant Carter and because the Court issued its Order without the benefit of Defendant Carter's response, the Court finds that reconsideration is warranted. The Court, however, is not impressed by the gamesmanship and lack of professionalism recently demonstrated by the parties. If

Plaintiff was in fact aware of the pending depositions at the time it requested expedited briefing, the Court finds this type of behavior contrary to the spirit if not the rules of how discovery is to be conducted in this district, and it will not be tolerated.  The Middle District Discovery Handbook advises all parties that appear in this Court, that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § I(A)(1).  The parties' recent filings have failed to demonstrate the appropriate spirit of cooperation and civility.

Additionally, the parties were aware of the discovery deadline when they requested that it be extended to **May 31, 2016.**  Doc. 235.  Moreover, the parties were reminded during the hearing on April 27, 2016 of the upcoming discovery deadline and particularly with respect to promptly filing any motions to compel financial information.  Doc. 251.  Accordingly, the Court is not inclined to extend the discovery deadline based on the actions exhibited by the parties, but will extend Defendant Carter's time to respond to the motion to compel.  Defendant Carter shall have up to and including **Friday, May 27, 2016** to respond to Plaintiff's Motion to Compel in accordance with the directives set forth in the Order (Doc. 255) expediting the briefing schedule.  The Court will consider the parties' requests for an extension after that time.

Also before the Court is Defendant Carter's Motion to Expedite.  Doc. 257. The Court construed Defendant's Motion for Reconsideration as its response to Plaintiff's

motion for an expedited response to Plaintiff's motion to compel since no response had been filed at the time of the Court's ruling. Accordingly, the Court finds that no additional briefing is needed on this matter.

Finally, the parties' recent "exigent" motions or requests to expedite the response deadlines are inappropriate when the parties are aware of upcoming deadlines. In the future, if the parties do not file motions within sufficient time to allow the opposing party to respond before a deadline, absent extenuating circumstances, the Court will not be inclined to entertain such motions. All parties are fully aware of the deadlines in this case and should conduct themselves accordingly.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Carter's Motion for Reconsideration of Order Granting Plaintiff's Motion for Expedited Briefing (Doc. 256) is **GRANTED in part**. Defendant Carter shall have up to and including **Friday, May 27, 2016** to respond to Plaintiff's Motion to Compel in accordance with the directives set forth in the Order (Doc. 255) expediting the briefing the schedule.

2. Defendant Carter's Exigent Motion for Either Expedited Briefing or Exigent Telephonic Hearing on Motion for Reconsideration of Order Setting Early Deadline for Defendant's Response to Motion to Compel (Doc. 257) is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of May, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record