UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:   FIDDLER'S CREEK, LLC
_____

FIDDLER'S CREEK, LLC,

    Plaintiff,

v.

NAPLES LENDING GROUP LC
and DANIEL CARTER,

    Defendants/Third
    Party Plaintiff

AUBREY FERRAO, ANTHONY
DINARDO and WILLIAM
REAGAN,

    Third Party Defendants.
_____/

Case No:   2:14-cv-379-FtM-29CM

## ORDER

Before the Court are Plaintiff and Counterclaim Defendants' Motion to Compel Depositions of Defendants' Purported Polygraph Experts and of Defendant Carter Regarding his Polygraph Experience ("Motion to Compel," Doc. 297) and Plaintiff and Counterclaim Defendants' Motion to Set and Modify Certain Deadlines ("Motion to Modify Schedule," Doc. 294).[1]   For the reasons set forth below, the Motion to Compel is denied, and the Motion to Modify Schedule is granted in part.

---

[1] The Court notes that the Motion to Modify Schedule and Motion to Compel identify William Reagan, Anthony DiNardo and Aubrey Ferrao as counterclaim defendants.  Docs. 294, 297.  Reagan, DiNardo and Ferrao, however, are third party defendants. The only counterclaim Defendant in this action is Fiddler's Creek, LLC.

Plaintiff, Fiddler's Creek, LLC and Third Party Defendants, William Reagan, Anthony DiNardo, and Aubrey Ferrao, (collectively, "Movants") seek to compel the deposition of Defendants' polygraph experts, Louis Rovner, Ph.D. and Charles R. Honts, Ph.D., regarding the polygraph examination conducted of Defendant Carter in this case. Doc. 297 at 3. Movants state that in January 2016 they received reports from Dr. Rovner, who administered the polygraph examination of Defendant Carter, and Dr. Honts, who reviewed Dr. Rovner's work. *Id.* Movants provided subpoenas to Defendants' counsel directed to Dr. Rovner and Dr. Honts requesting the production of documents. *Id.* Movants state that in the midst of engaging in extensive discovery, they sought to narrow the scope of fact and expert discovery by filing a motion *in limine* (Doc. 264) to exclude Defendants' proffered polygraph evidence. *Id.* Movants allege that they took the position in the motion *in limine* that "it is within the Court's discretion, based on precedent alone, that the trial of this *civil* matter should not be consumed with a days-long contest about the reliability, validity or meaning of any polygraph evidence." *Id.* (emphasis in original). Defendants were granted an extension of time to June 27, 2016 to respond to the motion *in limine*.[2] *Id.*; *See* Doc. 277.

---

[2] The Court notes that Movants contend that the Court granted Defendants an extension to prepare and submit expert witness testimony in support of the admissibility of Defendant Carter's polygraph. Doc. 297 at 3; *see also* Doc. 294 at 7. This, however, is a misstatement of the Court's Order (Doc. 277). The Court allowed Defendants until June 27, 2016 to respond to Movants' motion *in limine*, but specifically declined to address whether Defendants' expert should be allowed to offer an opinion with respect to the motion *in limine*. Doc. 277 at 4.

With the deadline for Defendants' response approaching, on June 14, 2016, Movants state that they requested that Defendants make Dr. Rovner and Dr. Honts available for deposition. Doc. 297 at 4-5. Because Defendants' response would not occur until June 27, 2016, Movants state that they requested dates in the first two weeks of July, although it would be after the close of discovery on June 30, 2016, because the parties previously had agreed to conduct another deposition after the deadline. *Id.* at 4. Movants assert that on June 17, 2016, Defendants advised that they opposed conducting the depositions in July, but Defendants would not provide any availability in June. *Id.* at 5. When the parties conferred, Movants expressed to Defendants that they wanted to avoid having to conduct a deposition within 48-72 hours of receiving Defendants' expert testimony included with Defendants' response to Movants' motion *in limine*. *Id.* Movants state that the response to the motion *in limine* included a 33-page declaration of Dr. Honts concerning Defendant Carter's polygraph that Movants had never seen before. *Id.* Thus, Movants request the deposition of Dr. Honts and Dr. Rovner now that the full extent of Dr. Honts' opinion testimony has been disclosed. *Id.*

Movants state that they will be greatly prejudiced if they are unable to depose Dr. Honts and Dr. Rovner now that the full extent of Defendants' opinion testimony concerning the polygraph has been disclosed. Doc. 297 at 5. Movants also assert that there is no dispute that the requested discovery is relevant and proportional to the issue in this case. *Id.* at 2. Accordingly, Movants request that the Court

compel the depositions of Dr. Honts and Dr. Rovner to take place within fourteen days of this Order. *Id.* at 6.

Movants also request to continue the deposition of Defendant Carter concerning his experience with polygraphs. Doc. 297 at 2. Movants state that Defendant Carter failed to provide any information that would make it possible to identify or obtain evidence concerning his experience with polygraphs. *Id.* at 1-2. Movants assert that Defendant Carter revealed that he has additional information but he has refused to provide it. *Id.*

With respect to the expert depositions, Defendants respond that Movants waited at least five months after Dr. Honts and Dr. Rovner were disclosed, and then failed to set the depositions. Doc. 307 at 1. Defendants contend that because Movants failed to ever notice the depositions, Rule 37, Federal Rules of Civil Procedure, provides no authority for the Court to grant their Motion to Compel. *Id.* Defendants argue that Movants chose not to notice, subpoena, or formally attempt to set these depositions before the discovery period ended although they had the time to do so. *Id.* at 2. Defendants also state that despite two extensions of the discovery deadline, Movants never set the depositions of Dr. Honts and Dr. Rovner and now claim that the recent declaration filed by Dr. Honts is new expert testimony. *Id.* Defendants assert that Dr. Honts' declaration merely expounds upon the *Daubert* section of his report and his and the science's background, but the vast majority of the substantive citations contained in the declaration also are contained in the report and/or materials produced on February 26, 2016 by Dr. Honts in response to the

subpoena. *Id.* at 2-4. Defendants allege that Defendant Carter advised Plaintiff on August 15, 2015 that he intended to submit himself to polygraph and requested that Plaintiff stipulate to its admissibility. *Id.* at 3. Defendants assert that Movants raised the issue of reliability then. *Id.* Defendant Carter then sat for the polygraph examination on October 19, 2016 administered by Dr. Rovner and independently reviewed by Dr. Honts. *Id.* Defendants then provided Dr. Honts' report on January 15, 2016. *Id.* at 4. Since receipt of the report, Movants failed to notice, subpoena or otherwise set the depositions they now seek. *Id.*

Defendants also state that the request for continuation of Defendant Carter's deposition also should be denied. Doc. 307 at 1. Defendants contend that Movants already have elicited thirty-eight pages of deposition transcript from him regarding his polygraph experience in this case and one taken in the 1990s, to which Defendant Carter stated that he has no additional recollection of the details or has retained any documents. *Id.* at 2-3. Defendants stated that Defendant Carter was questioned at length and testified that he did not think any documents were retained from the 1990s polygraph. *Id.* at 13. Accordingly, Defendants argue that the motion to compel must be denied because

> (1) Rule 37 provides no authority for this Court to compel an unnoticed deposition; (2) the Honts Declaration contains no new expert testimony and only elaborates on the *Daubert* section of the Honts Report; (3) Movants chose not to seek depositions regarding polygraph reliability before discovery ended; and (4) Movants have already deposed Mr. Carter at length on this topic, and Mr. Carter has no more documents or recollection related thereto.

*Id.* at 4.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance, for purposes of discovery, does not hinge on admissibility at trial and is construed broadly to include any matter that reasonably could lead to the discovery of admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). With respect to depositions, Rule 37, Federal Rules of Civil Procedure, provides that a party may seek to compel a discovery response from a deponent who fails to answer a question when asked under Rule 30 or 31 or when a corporation or entity fails to make a designation under Rule 30 or 31. Fed. R. Civ. P. 37(a)(3)(B). Rule 37 also provides for sanctions if "a party or party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d).

Rule 30, Federal Rules of Civil Procedure requires that a party who wants to depose a person provide notice to every other party stating the time and place of the deposition and, if known, the deponent's name and address. Fed. R. Civ. P. 30(b). Informal notices or communications between counsel are insufficient to comply with the requirements of the federal rules. *See Firestone v. Hawker Beechcraft International Service Company*, No. 10-1404-JWL, 2012 WL 359877, at *3 (D. Kan. Feb. 2, 2012) (finding that emails between counsel expressing a desire to take a deposition did not constitute notice under Fed. R. Civ. P. 30(b)(1)); *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) (finding that the court could

not compel the production of documents that were requested by a letter to opposing counsel rather than pursuant to the Federal Rules of Civil Procedure). "'The Federal Rules of Civil Procedure provide the necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed. R. Civ. P. 37, governing motions to compel. . . . To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos. . . .'" *Firestone*, 2012 WL 359877 at *3 (quoting *Sithon Maritime Co. v. Mansion*, No. Civ. A. 96-2262-EEO, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998)).

While there is no explicit requirement in the rules that a notice of deposition be served prior to a party seeking to compel a deposition, some courts have required that the movant serve a notice that meets Rule 30(b) prior to filing the motion to compel, and other courts have denied the motions to compel as premature. *Firestone* 2012 WL 359877 at *3 (citing *Pegoraro v. Marrero*, No. 10 Civ. 00051, 2011 WL 5223652, at *4 (S.D.N.Y. Nov. 2, 2011); *Nuskey v. Lambright*, 251 F.R.D. 3, 12 (D.D.C. 2008)). Another court in this district also found a motion to compel deposition premature when the deposition had not been noticed as of the date of filing the motion. *Wolk v. Seminole Cnty*, No. 6:05-cv-1722-Orl-18KRS, 2007 WL 328685, at *1 n.1 (M.D. Fla. Jan. 31, 2007). In *Wolk*, the court allowed the plaintiff leave to file a motion to reopen discovery for the limited purpose of taking this deposition. *Id.*; *see also James*, 240 F.R.D. at 695 (stating that rather than filing a motion to compel documents that had not formally been requested, the proper procedure would have

been to request to reopen discovery to formally request the documents pursuant to the federal rules).

First, the Court will address Movants' request for the continuation of the deposition of Defendant Carter. After reviewing the portion of the transcript Movants attached to the Motion to Compel, the Court finds that no further questioning is necessary on this issue. Defendant Carter testified that he did not remember the examiner or location of the 1990s polygraph, other than that it was somewhere in Florida. Doc. 297-2 at 5. He also testified that he did not think he kept any of the documents from the 1990s polygraph. *Id.* at 6. He also confirmed that the 1990s polygraph was the only other time he sat for a polygraph examination. *Id.* at 7.

Without more information as to what Movants are seeking with respect to Defendant Carter's previous polygraph experience, the Court will deny their motion to compel a continuation of the deposition. Movants had their opportunity, and did in fact question Defendant Carter on this issue.

Regarding Movants' request for the depositions of the polygraph experts, the Court finds the cases discussed above to be persuasive. Although counsel for Movants made informal requests for deposition dates (Doc. 297 at 4-5), there is no evidence that a formal notice of deposition was filed prior to the discovery cutoff. Accordingly, the Court denies the Motion to Compel with respect to Dr. Honts and Dr. Rovner, as it is premature. Movants, however, filed the Motion to Modify Schedule on June 29, 2016, prior to the June 30, 2016 discovery deadline, requesting

that the Court extend the discovery deadline to allow them to take the depositions of Dr. Honts and Dr. Rovner. Doc. 294. Movants raise many of the same arguments in the Motion to Modify Schedule as they raised in the Motion to Compel as to why they need additional time to conduct these depositions.

In their response to the Motion to Modify Schedule, Defendants also assert many of the same objections to the requested extension as were asserted in response to the Motion to Compel. *See* Doc. 305. Namely, Defendants oppose the timing in which the depositions were requested and state that Movants had months to notice these experts for depositions because their reports were provided on January 15, 2016. Doc. 305 at 4. Defendants contend that Movants deliberately chose not to pursue discovery regarding the polygraph evidence when they had ample opportunity to do so, and they cannot now try to remedy this strategic mistake. *Id.* at 5-6. Defendants also contend that Dr. Honts' declaration filed on June 27, 2016 in response to the motion *in limine* was not new opinion testimony, and Movants' argument that they should be allowed to depose Dr. Honts because they now have the "full extent" of Dr. Honts' testimony is unavailing. Docs. 305 at 8; 307 at 9. Defendants state there is no "new" expert testimony, and Dr. Honts simply "expounded upon" or "elaborated" on his credentials and the scientific reliability of polygraphs. Doc. 305 at 8. Defendants also contend that the "vast majority" of the substantive citations contained in the declaration are contained in the report provided on January 15, 2016. Doc. 307 at 2.

On June 8, 2016, the Court allowed Defendants an extension of time to respond to the motion *in limine*. Doc. 277. Defendants chose to add the declaration of Dr. Honts as an exhibit to their response. Doc. 289. While Defendants argue that there is no new testimony, Defendants do not state that all of the substantive citations previously were provided. *See* Doc. 307 at 2. Defendants simply contend that the "vast majority" of the substantive citations were provided. *See id*. Defendants also contend that Dr. Honts "expounded upon" his credentials and the scientific reliability of polygraphs. *Id.* Thus, it appears that it was not until June 27, 2016 that Movants received the full opinion testimony of Dr. Honts.

Defendants to not appear to contest that Movants are entitled to the depositions of Dr. Honts and Dr. Rovner. They also do not appear to contest the relevancy or proportionality of the discovery. Defendants state that their position has been consistent on this matter, and that "requests to schedule experts that had been known for five months would not be agreed to after the discovery cutoff." Doc. 307 at 12. To the extent Defendants object to the deposition of Dr. Honts and Dr. Rovner, their objection is overruled.

Because the goal of the discovery rules is to "'make trial less of a game of blind man's bluff and more of a fair contest with the basic issues and facts disclosed to the fullest practicable extent,'" the Court finds good cause to reopen discovery for the limited purpose of allowing Movants to properly seek the depositions of Dr. Rovner and Dr. Honts. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958)).

The parties shall have up to and including **September 2, 2016** to complete expert depositions related to the polygraph evidence, including any polygraph experts identified by Movants and any rebuttal polygraph experts. Additionally, to the extent the parties have not provided rebuttal experts related to polygraph evidence, the parties shall have up to and including **August 15, 2016** to do so. The Court also finds good cause to extend the deadline for the parties to file *Daubert* motions with respect to the polygraph evidence. The parties shall have up to and including **September 16, 2016** to file any *Daubert* motions related to the polygraph evidence. Because the Court is extending the deadline for *Daubert* motions, the Court also finds it necessary to extend the remaining deadlines in the Amended Case Management and Scheduling Order (Doc. 271). Accordingly, the remaining pre-trial deadlines and the trial term will be extended by sixty days.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff and Counterclaim Defendants' Motion to Compel Depositions of Defendants' Purported Polygraph Experts and of Defendant Carter Regarding his Polygraph Experience (Doc. 297) is **DENIED**.

2. Plaintiff and Counterclaim Defendants' Motion to Set and Modify Certain Deadlines (Doc. 294) is **GRANTED in part**.[3]

---

[3] The remaining issues in Plaintiff and Counterclaim Defendants' Motion to Set and Modify Certain Deadlines have either been resolved by the parties or addressed by the Court in prior Orders. *See* Docs. 303, 304, 309.

3. The parties shall have up to and including **August 15, 2016** to disclose any rebuttal experts related to polygraph evidence.

4. The parties shall have up to and including **September 2, 2016** to complete the depositions of the polygraph experts in this case.

5. The deadline to file *Daubert* motions with respect to polygraphs is extended to **September 16, 2016.**

6. All remaining deadlines set forth in the Amended Case Management and Scheduling Order (Doc. 271) will be extended by sixty (60) days.

7. All other directives set forth in the Case Management and Scheduling Order (Doc. 98) remain unchanged.

8. The Clerk is directed to issue an Amended Case Management and Scheduling Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of July, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record