```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

IN RE:  FIDDLER'S CREEK, LLC
_____

FIDDLER'S CREEK, LLC,

      Plaintiff,

v.                                  Case No: 2:14-cv-379-FtM-29CM

NAPLES LENDING GROUP LC and
DANIEL CARTER,

      Defendants/Third
      Party Plaintiff

AUBREY   FERRAO,   ANTHONY
DINARDO and WILLIAM REAGAN,

    Third Party Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on defendants' 13-page Objection to Order Denying *Daubert* Motion Replies (Doc. #422) filed on September 19, 2016.  Plaintiff filed a 9-page Response in Opposition to Defendants' Objection (Doc. #427) on September 26, 2016.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was clearly erroneous or contrary to law.  The Court may also designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a motion for

summary judgment.  28 U.S.C. § 636(b)(1)(B).  "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C.A. § 636(b)(1).  See also Fed. R. Civ. P. 72.

On August 31, 2016, the Magistrate Judge issued a 3-page Order (Doc. #406) denying defendants' Motion for Leave to File Reply to Plaintiff's Response to *Daubert* Motion as to Paul Singerman, Esq. (Doc. #398)and Motion for Leave to File Reply to Plaintiff's Response to *Daubert* Motion as to Lew Killian, Esq. (Doc. #399). The magistrate judge reviewed defendants' stated reasons for filing replies, including defendants' desire to point out changes in plaintiff's position, to respond to new arguments, and to counter characterizations by plaintiff of defendants' arguments. The magistrate judge found defendants failed to show good cause "because they identify neither new law nor facts within Plaintiff's responses that need to be addressed by a reply.  Nor does the Court find that reply briefs will aid the Court's resolution of the underlying motions."  (Doc. #406, p. 3.)  It was also noted

that the certification of conference with opposing counsel, M.D. Fla. R. 3.01(g), was deficient. (Id., p. 2 n.1.)

In the lengthy objection seeking to have the Magistrate Judge's Order modified or set aside, defendants state that "Plaintiff has been granted a reply every time one was sought". (Doc. #422, p. 3.)  This is inaccurate.  Plaintiff was granted leave to reply 5 times (Docs. ## 134, 227, 281, 304, 361), and denied 3 times (Docs. ## 96, 145, 251).  Defendant was granted leave to file a reply or surreply 6 times (Docs. ## 50, 130, 227, 291, 304, 361), and denied twice (Docs. ## 158, 406).  Therefore, any objection based on unfairness or bias is overruled.

Defendants argue that the Magistrate Judge applied a heightened standard by requiring new facts or law in support of the request, and requiring good cause for a reply.  Under the Middle District of Florida Local Rules, parties are not permitted to file a reply without leave of court, and in seeking such leave, a party must do so within 3 pages, state the length of the proposed filing, and not include the proposed document.  M.D. Fla. R. 3.01(c)-(d).  Defendants state that the requirement of new facts or law, and good cause are based on non-binding cases from other judges.  The undersigned however agrees with the consistent line of cases in the Middle District of Florida finding that the broad discretion necessarily requires a showing of good cause for leave to reply. See, e.g., Jackson v. Astrue, No. 3:08-CV-461-J-34TEM,

2009 WL 3756321, at *18 (M.D. Fla. Nov. 6, 2009) (leave denied because the reply "merely restates matters already raised in other documents and would not be of benefit to the Court in resolution of this matter"); Tardif v. People for Ethical Treatment of Animals, No. 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011) ("The purpose of a reply brief is to rebut any new law or facts contained in the oppositions response to a request for relief before the Court."); McDonald v. United States, No. 3:13-CV-168-J-37MCR, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013) ("While parties may ask for leave to file a reply, they must show good cause."). See also Farrell v. Florida Republicans, No. 2:13-CV-140-FTM-29, 2013 WL 5498277, at *8 (M.D. Fla. Oct. 1, 2013) (wherein the undersigned granted a motion to strike documents, including replies, that failed "to advance any aspect of litigation in this case"). The Court does not find that a heightened standard was applied. The objection is overruled.

In the Motion as to Paul Singerman, defendants sought to submit a 7-page reply to address claims of misrepresentations by defendants, and to address inconsistent positions by plaintiff. (Doc. #398.) In the Motion as to Lew Killian, defendants sought to file a short, 6-page reply in order to provide record citations of inconsistencies in plaintiff's position regarding their own proposed expert, and to address new arguments raised in opposition of defendants' proposed expert. (Doc. #399.) Based on what was

presented in the motions, there was nothing clearly erroneous or contrary to law with denying leave to file the replies. Defendants had the opportunity to succinctly state a basis to reply, or to seek reconsideration to clarify their purpose for the replies. Defendants did not exercise either of these options, and the Court is not inclined to construe the objection as a motion to reconsider and provide a second bite of the apple for the lengthy reasons set forth in the Objection. (Doc. #422, pp. 6-12.) The Court is capable of considering the arguments, with a grain of salt, in light of the contentious nature of the litigation. The issue of replies is completely discretionary, and defendants acknowledge the discretionary nature of granting leave to reply. (Doc. #422, pp. 3-4.) The objections addressed above are overruled.

Defendants also argue that the Order incorrectly referenced the number of pages sought, and suggested that defendants failed to complete a conferral process. (Doc. #422, p. 12.) These objections will be sustained. The Magistrate Judge stated defendants were seeking leave for a reply not to exceed 10 pages. (Doc. #406, p. 1.) This is factually inaccurate, but fails to impact the ultimate result to deny leave to rely. The Magistrate Judge also stated that "Defendants *attempted* to confer with Defendants' [sic] counsel." (Doc. #406, pp. 1-2 & n.1) (emphasis added). This is also factually inaccurate in that both certifications state that conferral was accomplished, but

plaintiff "refused" to agree to the relief.  (Doc. #398, p. 2; Doc. #399, p. 2.)

Accordingly, it is now

**ORDERED:**

Defendants' Objection[s] to Order Denying *Daubert* Motion Replies (Doc. #422) are **OVERRULED IN PART AND SUSTAINED IN PART** as set forth above.  Leave to file the replies (Docs. ## 398, 399) remains **denied** because there was no abuse of discretion by the Magistrate Judge.

**DONE and ORDERED** at Fort Myers, Florida, this   12th   day of October, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
Counsel of Record