UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Fiddler's Creek, LLC,　　　　　　　　　　　　　Civ. No. 2:14-379-FtM-PAM-CM

　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Naples Lending Group, LC,
and Daniel Carter,

　　　　　　　Defendants.

---

This matter is before Court on the parties' post-trial Motions.

## BACKGROUND

In March 2017, the Court held an eight-day bench trial on Plaintiff's claim for a breach of contract and related claim for breach of the covenant of good faith and fair dealing. The Court determined that Plaintiff had established a breach of the parties' contract, and awarded Plaintiff damages of $2,500,000. (Docket No. 568.) The Court also determined that Plaintiff was due its reasonable attorney's fees and expenses under the parties' contract. (Id. at 10.)

Now before the Court are six separate Motions. Former Defendant Daniel Carter moves for entry of judgment in his favor under Rule 54(b). (Docket No. 570.) Defendant Naples Lending Group ("NLG") moves to alter judgment (Docket No. 571), for its attorney's fees (Docket No. 572), and to "determine prevailing party status."

(Docket No. 583.) And Plaintiff has moved for its attorney's fees (Docket No. 573)[1] and to alter the judgment to include ministerial language. (Docket No. 575.)

**DISCUSSION**

**A.  Carter's Motion**

In January 2017, the Court granted summary judgment in Carter's favor on Plaintiff's claims against him. (Docket No. 482.) Carter contends that the Court should enter judgment in his favor under Rule 54(b) on the three counts Plaintiff brought against him, arguing that this "will help clarify the record, including potentially for appeal." (Carter's Mot. (Docket No. 570) at 2.)

But Rule 54(b) applies to claims that are resolved before final judgment is entered, and requires the Court to determine that there is no just reason to delay the entry of judgment. The Court has entered judgment in this case, and thus as Plaintiff points out, all previous orders become part of that judgment. Carter may appeal—although why he would appeal a judgment in his favor is not clear—whether the final judgment spells out the entire procedural history of the case or not.

Carter's Motion is therefore denied.

**B.  NLG's Motions**

**1.  Motion to Alter Judgment**

NLG's Motion to amend the judgment seeks a reversal of the Court's determination that Fiddler's Creek proved that NLG breached the parties' contract, either

---

[1] This Motion is not yet fully briefed and the Court will not discuss it further.

in whole or with respect to the damages awarded. According to NLG, Fiddler's Creek did not prove that NLG caused Fiddler's Creek any damages, or more specifically, the Court erred in failing to explicitly find that NLG caused the awarded damages.

NLG's argument is patently without merit. The Court considered the damages that flowed from the breach of contract, or put another way, the damages the breach of contract caused Fiddler's Creek. NLG may disagree with the fact that it caused damages, or with the amount of those damages, but its argument that there was no evidence and no finding of causation is belied by the record. This Motion is denied.

2. **Motion for Attorney's Fees**

In this Motion, NLG seeks its attorney's fees and costs under Rule 54(d), which permits the Court to tax costs and fees in favor of the "prevailing party." And indeed, under the terms of the parties' agreement, "the prevailing party shall be entitled to recover from the other party its costs and expenses (including, without limitation, reasonable attorneys' fees and expenses) incurred in connection with all litigation [to enforce the confidentiality provision] . . . ." (Pl.'s Trial Ex. 1 ¶ 10.) NLG points out that it prevailed on one of the two breach-of-contract theories Fiddler's Creek advanced in this matter, namely that NLG breached the parties' agreement by encouraging lenders to object to Fiddler's Creek's bankruptcy plan. The Court granted summary judgment to NLG on this aspect of Fiddler's Creek's claims, which comprised the lion's share of the damages Fiddler's Creek originally claimed.

Under Florida and federal law, a prevailing party is one that "prevailed on any significant issue in the litigation." Dependable Component Supply, Inc. v. Carrefour

Informatique Tremblant, Inc., 572 F. App'x 796, 801 (11th Cir. 2014) (citing Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 809-10 (Fla. 1992)). Fiddler's Creek insists that, when the claims involved are breach-of-contract claims, only the non-breaching party is eligible for attorney's fees. But the cases Fiddler's Creek cites for this proposition simply do not support it, and it is clear that, "[w]ith respect to federal law, one party can be determined a prevailing party on one claim, while the opposing party prevails on another claim." Kubiak v. S.W. Cowboy, Inc., No. 3:12-cv-1306, 2017 WL 1080000, at *5 (M.D. Fla. Mar. 22, 2017). And "if each claim is separate and distinct and would support an independent action, 'the prevailing party on each distinct claim is entitled to an award of attorneys' fees for those fees generated in connection with that claim[,]' so long as there is a legal basis for such a fee award." Id. (quoting Davis v. Nat'l Med. Enters., Inc., 253 F.3d 1314, 1320 (11th Cir. 2001)).

Here, Fiddler's Creek's two theories of its breach-of-contract claim are separate and distinct, and each could have supported an independent action. Fiddler's Creek argues that "separate and distinct" under Florida law means essentially that the two claims are completely unrelated to each other, but this is not the test. Rather, claims are separate and distinct unless they are "alternative theor[ies] of liability for the same wrong." Folta v. Bolton, 493 So. 2d 440, 442 (Fla. 1986). Fiddler's Creek alleged two distinct harms that the two alleged breaches caused. The breach that was the subject of the bench trial caused Fiddler's Creek to incur excess costs related to its exit financing, while the breach regarding NLG's alleged interference in Fiddler's Creek's bankruptcy proceeding allegedly caused Fiddler's Creek to suffer increased attorney's fees and costs

4

in that proceeding. Under Florida law, Fiddler's Creek's breach-of-contract claim raised separate and distinct claims sufficient to support an independent action, and thus attorney's fees are available to the prevailing party on each claim.

"[T]he law plainly provides that a party can be considered a 'prevailing party' due to the entry of summary judgment on a claim in that party's favor." Kubiak, 2017 WL 1080000, at *6. To determine prevailing-party status, the Court must "consider the equities and determine which party has in fact prevailed on the significant issues." Prosperi v. Code, Inc., 626 So. 2d 1360, 1363 (Fla. 1993). Fiddler's Creek urges the Court to find that, because NLG breached the contract, equity prevents NLG from recouping its attorney's fees. But the parties' agreement imposes no such limit, providing that, "[i]n the event of litigation between [NLG and Fiddler's Creek] relating to this Agreement or the [confidential] Information, the prevailing party shall be entitled to recover from the other party its costs and expenses (including, without limitation, reasonable attorneys' fees and expenses) incurred in connection with all such litigation." (Pl's Trial Ex. 1 ¶ 10.) The agreement does not restrict the availability of attorney's fees to a non-breaching party, and in any event, with respect to the bankruptcy-interference claim, Fiddler's Creek did not establish that NLG breached the agreement. Thus, under the terms of the agreement and under Florida law, having successfully sought summary judgment on Fiddler's Creek's bankruptcy-interference claim, NLG is entitled to its attorney's fees and costs "incurred in connection" with defending that claim.

Because the Court's determination on this issue may influence the parties' negotiations on Fiddler's Creek's still-pending Motion for Attorney's Fees, the Court will

reserve the issue of the amount of NLG's reasonable attorney's fees and costs for another day.

### 3. Prevailing Party Status

NLG requests an Order determining that NLG is the prevailing party on claims that it successfully defended at summary judgment. According to NLG, a ruling that it is the prevailing party on these claims "would encourage the analysis of offsets that could significantly reduce the total amount [of attorney's fees] at issue." (Def.'s Mot. (Docket No. 583) at 2.) Fiddler's Creek opposes the Motion, arguing that it is the only prevailing party in this litigation and, as such, is the only party entitled to its fees under the contract's fee-shifting provision.

This Motion is merely another facet of NLG's attorney's-fees argument discussed above. Having determined that NLG is entitled to its reasonable attorney's fees and expenses incurred in connection with defending Fiddler's Creek's bankruptcy-interference claim, the Court need not make the explicit finding NLG requests here, and this Motion is denied as moot.

### C. Fiddler's Creek's Motion to Alter Judgment

Fiddler's Creek asks that the Court amend the judgment to add ministerial language ostensibly required "to implement the result intended by the Court." (Pl.'s Mot. (Docket No. 575) at 1.) Fiddler's Creek seeks language that post-judgment interest shall accrue on the judgment amount, and also that the words "for which let execution issue forthwith" be included. NLG has no substantive objection to Fiddler's Creek's request.

As Fiddler's Creek points out, post-judgment interest accrues automatically on all money judgments in civil cases in federal court. But because this action originated in bankruptcy court, Fiddler's Creek believes that interest might not automatically accrue. Fiddler's Creek is mistaken, and there is no need to add superfluous language to the judgment in this matter. Interest accrues on the judgment amount under 28 U.S.C. § 1961 and the judgment need not be amended to reflect that reality.

Similarly, the Court agrees with those decisions determining that the words "for which let execution issue forthwith" is both archaic and inessential. See, e.g., Getman v. Tracy Constr., Inc., 62 So. 3d 1289, 1291 (Fla. Dist. Ct. App. 2016) (noting that the words "'for which let execution issue' are not essential for finality"). Fiddler's Creek should have no difficulty persuading "the appropriate authorities" (see Pl.'s Mot. at 3) to execute on the judgment without this formulaic, unnecessary language. This Motion is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant Daniel Carter's Motion for entry of judgment under Rule 54(b) (Docket No. 570) is **DENIED**;

2. Defendant Naples Lending Group's Motion to alter judgment (Docket No. 571) is **DENIED**;

3. Defendant Naples Lending Group's Motion for attorney's fees (Docket No. 572) is **GRANTED**;

4. Defendant Naples Lending Group's Motion to determine prevailing party status (Docket No. 583) is **DENIED as moot**; and

5. Plaintiff's Motion to alter the judgment (Docket No. 575) is **DENIED**.

Date:  March 1, 2018                         *s/Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge